1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GAYLE HANSON, | No. CV-10-0709-TUC-CKJ |
| Plaintiff, | |
| vs. | **ORDER** |
| HEALTH INSURANCE INNOVATORS and STARR INDEMNITY & LIABILITY, | |
| Defendants. | |

Pending before this Court is Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) [Doc. 9]. This Court issued its Order [Doc. 10] providing Plaintiff with notice of the requirements for responding to a motion to dismiss pursuant to *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003). Plaintiff has not filed a response.

**I.    BACKGROUND**

On December 1, 2010, Plaintiff filed her *pro se* Complaint [Doc. 1] in the above-entitled cause of action. Plaintiff's Complaint [Doc. 1] alleges a cause of action for breach of contract and bad faith against Defendant insurance companies. In its March 23, 2011 Order [Doc. 6], the Court noted that Plaintiff alleges strictly state law causes of action, and that it was unclear whether there is diversity of citizenship. Order 3/23/2011 [Doc. 6] at 2. Defendant has filed its motion to dismiss for lack of subject matter jurisdiction.

## II. STANDARD OF REVIEW

In "considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *Id.* (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4, 67 S.Ct. 1009, 1011 n.4, 91 L.Ed. 1209 (1947)). Further, in attacks on subject matter jurisdiction pursuant to Rule 12(b)(1), Plaintiffs bear "the burden of proof that jurisdiction does in fact exist." *Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Where a party attacks "a complaint's jurisdictional allegations despite their formal sufficiency . . . [i]t then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). The Court need not consider unreliable evidence, and "no presumptive truthfulness attaches to plaintiff[s'] allegations." *Id.* Moreover, Plaintiffs have an "obligation to provide the 'grounds' of [their] 'entitlement to relief' requir[ing] more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).

## III. ANALYSIS

A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Further, a district court has "exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting with the scope of his office or employment." 28 U.S.C. § 1346(b)(1). A district court also has original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). "[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *Id.*

Here, Plaintiff alleges strictly state law causes of action. *See* Compl. [Doc. 1]. Further, Defendant acknowledges that the parties are from different states. Def.'s Mot. to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) [Doc. 9] at 2. Defendant challenges Plaintiff's averment that the amount in controversy is in excess of $75,000.00. *See id.* Despite Plaintiff's averment in the Complaint [Doc. 1] before this Court that her damages are $90,000.00; her state court complaint avers damages in the amount of $50,000.00 or less. Plaintiff failed to respond to Defendant's motion, and as such, has failed to meet her burden of demonstrating subject matter jurisdiction. The Court finds, based upon the record before it, that it does not have subject matter jurisdiction over this cause of action.

Accordingly, IT IS HEREBY ORDERED that:

(1) Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) [Doc. 9] is GRANTED;

(2) This case is DISMISSED WITHOUT PREJUDICE;

(3) Defendant's Motion for Summary Disposition of Pending Motion to Dismiss Pursuant to Federal Rule of Civil Procedure [Doc. 11] is DENIED AS MOOT; and

(4) The Clerk of the Court shall close its file in this matter.

DATED this 27th day of September, 2011.

_____
Cindy K. Jorgenson
United States District Judge